# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | | |
|---|---|---|
| **BETTY J. CLARK** | * | **CIVIL ACTION NO. 15-2620** |
| **VERSUS** | * | **JUDGE ELIZABETH E. FOOTE** |
| **LOGAN'S ROADHOUSE, INC., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM RULING

This matter is before the undersigned magistrate judge, on reference from the district court, pursuant to sua sponte jurisdictional review. *See* Nov. 30, 2015, Order [doc. # 6].[1]

## Background

On September 28, 2015, Betty J. Clark filed the instant petition for damages in the 3rd Judicial District Court, for the Parish of Lincoln, State of Louisiana, against defendants, Logan's Roadhouse, Inc., and LRI Holdings, Inc.  Clark alleges that on, or about May 10, 2015, she injured her "head, elbow, and knee, along with associated contusions," when she fell while exiting a booth at the Logan's Roadhouse Ruston, Louisiana location.  Clark attributes the accident and her resulting damages to defendants' breach of their duty to maintain the premises in a reasonably safe manner, without exposing patrons to unreasonably dangerous conditions. She seeks recovery for damages comprised of medical and pharmaceutical bills, along with past, present, and future:  physical pain and suffering, emotional distress, mental anguish, inconvenience, and loss of enjoyment of life.

---

[1] As this is not a matter excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

On October 30, 2015, defendants removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  (Notice of Removal).  On November 30, 2015, the court questioned whether the amount in controversy exceeded the jurisdictional minimum at the time of removal.  (Nov. 30, 2015, Order [doc. # 6]).  In so doing, the court accorded removing defendants fourteen days to file a memorandum, *together with supporting evidence*, sufficient to establish that the requisite jurisdictional amount was in controversy at the time of removal.  *Id*. The court cautioned that if defendants failed to comply, or if subject matter jurisdiction was found to be lacking, then the matter would be remanded to state court.  *Id*.

On December 10, 2015, defendants filed a memorandum in which they conceded that they had no additional information regarding plaintiff's damages other than the bare allegations in her petition.  (Defs.' Memo. [doc. # 7]).  Plaintiff did not file a response, and the time to do so has lapsed.  *See* doc. # 6.  Thus, the matter is ripe.

<u>**Law and Analysis**</u>

Federal law authorizes a defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ."  28 U.S.C. § 1441(a).  "The removing party bears the burden of showing that federal jurisdiction exists."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)).  Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).  To determine whether jurisdiction is present, courts consider "the claims in the state court petition as they existed at the time of

removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Here, defendants invoked this court's original jurisdiction, via diversity, which requires complete diversity of citizenship between the adverse parties and an amount in controversy greater than $75,000.  28 U.S.C. § 1332(a).  Pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, the removal statute now specifies that

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
> > **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks--
> >
> > *          *          *
> >
> > **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded . . .

28 U.S.C. § 1446(c)(2)(A)(ii).

In Louisiana state court cases, plaintiffs are prohibited from alleging a monetary amount of damages in the petition.  La. Code Civ. P. Art. 893 (as amended by Acts 2004, No. 334).[2] Thus, the removing defendants must assert the amount in controversy in the notice of removal,

---

[2]  Albeit, plaintiffs are required to allege when their damages are insufficient to support federal jurisdiction.  La. Code Civ. P. Art. 893A.  However, courts have recognized that a party cannot create federal jurisdiction by omission, which is just as likely the result of inadvertence, rather than by design. *See e.g.*, *Lilly v. Big E Drilling Co.*, Civ Action No. 07-1099, 2007 WL 2407254 (W.D. La. Aug. 20, 2007).

which "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Here, the court has challenged defendants' amount in controversy allegation.  In *Dart Cherokee*, the Supreme Court recently explained that, "[i]n such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee, supra*.  In this case, neither side has submitted proof regarding amount in controversy.  However, because "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court,"[3] the court must construe the equipoise against a finding of subject matter jurisdiction.

In lieu of evidence, defendants rely on plaintiff's damages allegations to meet their burden of proof.  Prior to *Dart Cherokee*, a removing defendant could satisfy its burden of supporting federal jurisdiction by establishing that it was "facially apparent" from the petition that the claims probably exceed $75,000.  *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998).  It is unclear, however, whether this alternative method of proof survives *Dart Cherokee*. *See Statin v. Deutsche Bank Nat. Trust Co.*, 599 Fed. Appx. 545, 546 n.1 (5th Cir.2014) (noting the potential change wrought by *Dart Cherokee*); *Akins v. Ace Am. Ins. Co.*, Civ Action No. 14-0653, 2015 WL 566678, at *2 (M.D. La. Feb. 10, 2015) (questioning whether the framework remains viable after *Dart Cherokee*).

Nonetheless, even if the "facially apparent" alternative survives *Dart Cherokee*, the court is not persuaded that it is satisfied in this case.  As in *Simon v. Wal-Mart, Inc.*, plaintiff has

---

[3] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

4

alleged, with little specificity, damages from less severe injuries; together with unidentified medical expenses; no specific types of medical treatment; and no allegations of disability.  *See Simon v. Wal-Mart, Inc.*, 193 F.3d 848 (5th Cir. 1999); *compare Gebbia v. Wal-Mart Stores, Inc.* 233 F.3d 880, 882 -883 (5th Cir. 2000).  In short, the extent and severity of plaintiff's injuries and damages, as of the time of removal, remain ambiguous.[4]

## Conclusion

For the foregoing reasons, the undersigned finds that removing defendants have not satisfied their burden of establishing federal subject matter jurisdiction.  *Howery, supra*; 28 U.S.C. § 1332.  Thus, remand is required.  28 U.S.C. § 1447(c).[5]  The court will remand the case via separate judgment to the Third Judicial District Court for the Parish of Lincoln, State of Louisiana, whence it was removed.

In Chambers, at Monroe, Louisiana, this 21st day of December 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[4]  Citing a trio of district court decisions from jurisdictions as diverse as Florida, Georgia, and Michigan, defendants emphasize that they were required to file a notice of removal within 30 days, or risk losing their right to remove the matter to federal court.  (Defs.' Memo., pg. 2).  Less than 90 days ago, however, the undersigned rejected this same argument in *Hodnett v. Logan's Roadhouse, Inc.*, 15-2158 (W.D. La.).  Accordingly, the court reiterates that the thirty day removal period does *not* begin to run from defendant's receipt of the initial pleading *unless* the initial pleading includes a "*specific allegation that damages are in excess of the federal jurisdictional amount.*" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir.2013) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir.1992)).

[5]  Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction.  *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999).  A lack of subject matter jurisdiction may be raised at any time.  *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).  Furthermore, a court must raise the issue *sua sponte* if it discovers it lacks subject matter jurisdiction.  *Id.*  Indeed, 28 U.S.C. § 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

5